EDYTH MEACHAM ET VIR V. MADELIN ROUTH LOVING ET VIR.

No. A-5263. Decided January 18, 1956.
(285 S.W. 2d Series 936)

*Snodgrass* and *Calhoun* and *O. M. Calhoun,* of Amarillo, for petitioners.

The Court of Civil Appeals erred in holding that under Article 6701d, section 33, and the jury findings, Mrs. Meacham was guilty of contributory negligence, as a matter of law, also in its holding that the findings of the jury were in such irreconcilable conflict as to be mutually destructive and constituted fundamental error. Seinsheimer v. Burkhard, 132 Texas 336, 122 S.W. 2d 1063; Casualty Underwriters v. Rhone, 134 Texas 50, 132 S.W. 2d 97; Leonard v. Young, 186 S.W. 2d 81.

*Simpson, Clayton & Fullinghim* and *Seldon Simpson*, all of Amarillo, for respondents.

In reply cited Erwin v. Welbourn, 207 S.W. 2d 124, error refused; Texas & N. O. R. R. v. Rooks, 293 S.W. 554.

MR. JUSTICE WALKER delivered the opinion of the Court.

Mrs. Edyth Meacham and husband, petitioners, sued Mrs. Madelin Routh Loving and husband, respondents, to recover damages for personal injuries sustained by Mrs. Meacham when she, while walking across the street, was struck by or collided with the automobile driven by Mrs. Loving. Julgment in favor of petitioners was entered by the trial court on the verdict of the jury. The Court of Civil Appeals has reversed the judgment of the trial court and remanded the cause for a new trial, because it concluded: (1) that the findings of the jury establish that Mrs. Meacham was guilty of contributory negligence as a matter of law and that such negligence was a proximate cause of the collision, and (2) that one of the findings upon which the first conclusion is predicated is in irreconcilable conflict with the jury's answer to another issue. 278 S.W. 2d 466. It is our opinion that the two answers of the jury are not in conflict, and that the verdict does not establish that Mrs. Meacham was negligent as a matter of law.

The accident occurred about noon at the intersection of Polk and Seventh Streets in the business district of Amarillo. Polk Street runs north and south, and Seventh Street east and west. Suspended over the center of the intersection and in operation at the time was the usual traffic signal light which exhibited green, yellow and red lights, successively and one at a time, for vehicular and pedestrian traffic on each street. Standing on the pavement under the traffic light was a box-like structure some four feet square and twelve feet high with United Red Feather Campaign signs on each of its four sides.

Mrs. Meacham, who was almost totally blind and was accompanied by a guide dog, had been walking north on the sidewalk on the west side of Polk Street. Upon reaching the curb on the south side of Seventh Street, the dog stopped. She gave the dog the necessary command and started north across Seventh Street in the crosswalk which adjoins the intersection on the west. In the meantime, Mrs. Loving, who was driving in a westerly direction on the north side of Seventh Street, found the traffic signal red when she reached the east side of the intersection and brought her vehicle to a stop. When the signal changed to green for east-west traffic Mrs. Loving drove west through the intersection. Mrs. Meacham was struck by the left front of the automobile or walked into the left front side of the vehicle at a point in the west crosswalk a short distance north of the center of Seventh Street.

■ Special issues inquiring whether Mrs. Loving failed to stop before entering the intersection, or entered the intersection before the traffic light showed green for traffic moving east and west, were answered by the jury in the negative. By their answers to other issues, the jury found that Mrs. Loving failed to keep a proper lookout and that such failure was a proximate cause of the collision, that the Red Feather sign obstructed Mrs. Loving's view but was not the sole proximate cause of the accident, that the collision was not the result of an unavoidable accident, and that Mrs. Meacham sustained damages in the amount of $12,500.00. The crucial issues and the answers of the jury thereto are as follows:

## SPECIAL ISSUE NO. 6

(a)   Do you find * * * that Mrs. Edyth Meacham was attempting to cross Seventh Street in a northerly direction at a time when the traffic light at the intersection showed green for traffic to move east and west on said street? Answer: Yes.

(b) * * * [By their answer to this issue, the jury found that such attempt was a proximate cause of the accident].

## SPECIAL ISSUE NO. 7

(a)   Do you find * * * that Mrs. Meacham entered the street intersection going in a northerly direction at a time when the signal light showed green for traffic to move east and west on Seventh Street? Answer: No.

(b) * * * [Not answered, because conditioned on affirmative answer to 7(a)].

Respondents argue, that when Mrs. Meacham entered the intersection, she was attempting to cross the street, that entering the intersection and attempting to cross the street are synonymous, and hence that there is an irreconcilable conflict in the answers of the jury to Issues Nos. 6(a) and 7(a). We do not think the two terms are synonymous. Entering the intersection is only a part of the movement across the street. A pedestrian who crosses the street first enters the intersection, and after having entered, he continues and is attempting to cross until he reaches the other side. He might enter the intersection on a green or yellow light, but if the light changed to red before the crossing was completed, he would be attempting to cross at a time when the light was red. It is our opinion that the answers of the jury to the two issues do not conflict but merely indicate that the jury found that Mrs. Meacham entered on a geren or yellow light which changed to red while she was crossing the street.

■ We now turn to the question of whether Mrs. Meacham was guilty of contributory negligence as a matter of law. It should first be noted that the answer of the jury to Issue No. 6(a) does not establish that she violated any statutory duty imposed by Sec. 33 of Art. 6701d, Vernon's Ann. Tex. Civ. Stat. This section, which applies to pedestrians and drivers of vehicles at intersections controlled by a three-light traffic signal, provides that vehicular traffic facing a green light may proceed but "shall yield the right of way * * * to pedestrians lawfully within the intersection or adjacent crosswalk at the time such signal is exhibited," that pedestrians facing a green signal "may proceed across the roadway within any marked or unmarked crosswalk," that pedestrians facing a yellow signal "are thereby advised that there is insufficient time to cross the roadway, and any pedestrian then starting to cross shall yield the right of way to all vehicles," and that no pedestrian facing a red signal "shall enter the roadway unless he can do so safely and without interfering with any vehicular traffic." The portion of the city ordinance stipulated by the parties contains substantially the same provisions, except that it does not purport to regulate the movement of pedestrians on a yellow light.

In view of the jury's answer to Issue No. 7(a), it must be assumed that Mrs. Meacham began crossing the street at a time when the traffic signal was green or yellow. Neither the statute

nor the ordinance imposes upon a pedestrian, who begins crossing the street on a green or yellow light, the absolute duty not to proceed in the event the light changes to red before the crossing is completed. On the contrary, a pedestrian facing a green signal is given the right to proceed across the roadway, with vehicular traffic facing such a light required to yield the right of way to pedestrians lawfully within the intersection or adjacent crosswalk, and pedestrians starting to cross on a yellow light are simply required to yield the right of way to all vehicles. There is, therefore, no breach of a statutory duty upon which to predicate a conclusion that Mrs. Meacham was negligent as a matter of law in continuing to cross the street after the light changed to red.

■ Whether Mrs. Meacham was guilty of contributory negligence in proceeding after the light changed to red depended on all the circumstances under which she acted, and under the evidence in this case was a question of fact. No issue was submitted or requested inquiring whether her attempting to cross the street when the traffic signal showed green for east-west traffic was negligence, and the trial court was not requested to and did not make a written finding on that question. Rule 279 provides that under these circumstances the omitted issue shall be deemed as found by the trial court in such manner as to support the judgment. Since that court entered judgment in favor of petitioners, we are required to presume a finding that Mrs. Meacham's attempting to cross the street under the circumstances was not negligence.

Respondents also argue that the uncontroverted evidence shows that Mrs. Meacham entered the intersection on a yellow light, and that she was therefore under a positive statutory duty to yield the right-of-way to vehicular traffic moving east and west. They then assert that the evidence conclusively establishes that she failed to yield the right-of-way and that such failure was a proximate cause of the collision. On the record in this case it is not necessary for us to decide whether the evidence conclusively establishes these matters as contended by respondents.

If the accident was proximately caused by the contributory negligence of Mrs. Meacham in failing to yield the right-of-way after beginning to cross on a yellow light, this would constitute an independent ground of defense. The essential elements of the defense are: starting to cross on the yellow light, failure to yield the right-of-way, causation, and possibly negligence. No

issue on any of these elements was submitted to the jury or requested by respondents, nor did respondents file any objections to the charge. Under the provisions of Rule 279, therefore, the defense was waived unless conclusively established by the evidence.

Even if all of the essential elements were conclusively established by the evidence, it was incumbent upon respondents, in the absence of jury findings thereon, to assert their right to judgment upon this ground in either a motion for an instructed verdict or a motion for judgment nothwithstanding the verdict. Neither of such motions was filed by respondents. The defense was not presented in their motion for judgment on the verdict, but was raised for the first time in the motion for new trial. To reverse the judgment of the trial court upon this ground and under these circumstances, it would be necessary to hold that such court erred in failing either to instruct a verdict for respondents or render judgment in their favor notwithstanding the verdict when no motion therefor was filed. This we cannot do.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered January 18, 1956.