C. F. JOHANNING, Appellant,

v.

Stuart MOORE, Appellee.

No. 3664.

Court of Civil Appeals of Texas.

Waco.

Dec. 2, 1959.

Rehearing Denied Jan. 7, 1960.

Farley Reasonover and Eldon R. Vaughan, Dallas, for appellant.

Newberry & Holley, Dallas, for appellee.

WILSON, Justice.

Appellee recovered judgment against appellant for damages alleged to have resulted from conversion of equipment. Appellee, with one Parrott, executed a note payable to a bank, secured by a chattel mortgage, duly filed, on property which was owned by Parrott. Appellee paid off the note upon Parrott's default, whereupon the bank transferred the note and assigned the mortgage to appellee.

Before the note to the bank was executed, appellee, by written contract, leased a building in which the property in controversy was located, for a term of years. The lessee operated a tap room in the building. Parrott bought the lessee's equipment, soon began making the monthly rental payments and continued the operation of the lounge for several years. He continued the rental payments until appellant claims he defaulted. Appellant then changed locks on the premises, moved most of the property to another location and claimed a lien thereon for unpaid rents. Appellee's demand for possession was not met and this action ensued. Jury findings, which are not questioned, established that appellant refused to turn the equipment over to appellee and that he acted thus

with malice. No points are presented as to damages. Appellant continues to withhold possession.

Appellant says that since the Negotiable Instruments Act, Art. 5939, Sec. 119(5), Vernon's Annotated Texas Civil Statutes, provides that a negotiable instrument is discharged when the principal debtor becomes the holder of the instrument after maturity; and since appellee was such holder when he paid the bank, the note was thereby discharged and he had no rights under the assigned chattel mortgage on which to base an action for conversion of the property described in it.

The vulnerability of the judgment to this contention depends on whether appellee, described in the note as a co-maker, was an accommodation party under Sec. 29 of the Uniform Negotiable Instruments Act, Art. 5933. If he was such, payment by him did not discharge the instrument nor extinguish the security; and appellee stands in the shoes of the bank. Fox v. Kroeger, 119 Tex. 511, 35 S.W.2d 679, 681, 77 A.L.R. 663; Ogden, Negotiable Instruments (5th ed.) 429; Bigelow, Bills & Notes, Secs. 464, 465.

■ Appellant pleaded that payment of the note by appellee discharged it and extinguished the chattel mortgage lien. An element of this affirmative defense involved negativing that appellee was an accommodation party; or establishing its converse: that he was a principal debtor under the Act. This element was not submitted in the charge. No request for its submission nor objection to its omission was made by appellant. Indeed, no issue referable to this defense necessary to sustain it was submitted. Under the provisions of Rule 279, Texas Rules of Civil Procedure, since it was not conclusively established, this defense was waived. Johnson v. Miller, 142 Tex. 228, 177 S.W.2d 249, 250; Meacham v. Loving, 155 Tex. 279, 285 S.W.2d 936, 939. If it were necessary to give effect to the presumption established by that rule, there was evidence to sustain

the implied finding in support of the judgment.

■ Appellant next claims the judgment was erroneous because prior to the institution of this suit appellee sued Parrott in another action in which judgment was recovered for the balance of the note and for foreclosure of the chattel mortgage lien; and he thereby elected between alternative remedies. This position might be tenable if the former suit had been against appellant. By pursuing this fruitless remedy against another party, appellee was not put to an election affecting appellant here because the remedies are not inconsistent or repugnant. Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824, 827; Herd v. Wade, Tex.Civ.App., 63 S.W.2d 253, 258, writ ref.; Alexander v. Harris, Tex.Civ. App., 254 S.W. 146, writ ref.; 28 C.J.S. Election of Remedies § 8, p. 1076. This record further establishes that appellee had no knowledge of the claimed conversion at the time of the first suit. He therefore could not be concluded by it. Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377, 394.

■ Appellant's final point asserts the judgment is erroneous because there is no jury finding that appellant actually converted the property. The issues submitted inquired as to whether he "refused to turn the property over" to appellee; the date of such refusal; whether he acted with malice, and the amount of damages. Apparently, the point as briefed, presents the complaint that the court overruled objections to the charge to the effect the issues were evidentiary and not ultimate; that they were on the weight of the evidence in implying appellant was under a duty to deliver the property; that the ultimate inquiry should have been whether the refusal to deliver was wrongful.

There is nothing in the record to indicate action of the trial court was invoked on these objections. There is no ruling or order on the objections as required by Rule

272, Texas Rules of Civil Procedure. The point thus presents nothing for review. Gowan v. Reimers, Tex.Civ.App., 220 S.W. 2d 331, writ ref., n. r. e.; Ramsey v. Polk County, Tex.Civ.App., 256 S.W.2d 425; Ellis Drilling Corp. v. McGuire, Tex.Civ. App., 321 S.W.2d 911, writ ref., n. r. e. In any event, the undisputed evidence and appellant's own judicial admissions, established the elements of conversion as a matter of law. The judgment is affirmed.