Roberto FRANCO, Individually, and as Next Friend of Lonnie M. Franco, et al., Appellants,

v.

BURTEX CONSTRUCTORS, INCORPORATED, et al., Appellees.

No. 1426.

Court of Civil Appeals of Texas, Corpus Christi.

June 13, 1979.

Rehearing Denied June 27, 1979.

F. I. Gandy, Jr., Corpus Christi, for appellants.

William A. Abernethy, Meredith, Donnell & Edmonds, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

In this rear end collision case involving an appeal from a take nothing judgment in favor of Burtex Constructors, Inc., and Manuel Z. Arambula, defendants, the only issue is whether the trial court committed reversible error in refusing to submit some of plaintiff's requested issues to the jury. Finding no reversible error, we affirm.

The present controversy grew out of a fatal rear end collision between a dump truck owned by defendant Burtex, which was being driven by defendant Arambula at the time of the accident, and a passenger car being driven by plaintiff Franco. Both vehicles were proceeding north on Interstate Highway 37 (I.H. 37), a four lane controlled access highway, between Corpus Christi, Texas, and Calallen, Texas, on the night of January 14, 1976, when plaintiff's car rear-ended defendant's truck. The truck had just entered the outside right lane of the highway from a stationary position it had held while being repaired after a breakdown occurring earlier the same day. A short time after re-entering the extreme right lane, the truck was hit from behind by plaintiff's car. Plaintiff's wife and his brother-in-law were killed in the collision.

Plaintiff's theory of liability centered around allegations of negligence and negligence per se on the part of defendants in executing an unsafe entry upon the highway and creating a distraction which caused the plaintiff, momentarily, to take his eyes from the road. The defendants answered with a general denial, allegations of contributory negligence and the defense of excuse to any alleged statutory violations.

The details of the accident were as follows: Arambula had been proceeding north on I.H. 37 earlier the day of the collision when the dump truck he was driving broke down. He parked the truck about four feet off the right hand shoulder of I.H. 37. The truck, after being parked, was facing north. Arambula then went for help. Later, he and two fellow employees returned to the scene in two separate pickup trucks. They began repairs on the dump truck. It was after dark when the mechanics completed the repairs. At this time, their two pickup trucks were parked in the area between the disabled dump truck and a service road to the east of I.H. 37. Plaintiff testified that at least one of the pickup trucks was parked with its headlights on and facing south. This was disputed by one of the mechanics, who said that both pickup trucks, while parked, were facing north.

According, to plaintiff, he was proceeding north in the outside right-hand lane of I.H.

37 when he became distracted by the headlights of a southward-facing pickup truck. Taking his eyes from the road, he proceeded past the pickup truck until his wife screamed, when he rear-ended defendant's dump truck. The collision occurred only seconds after Arambula had entered the roadway from his parked position.

The trial judge, insofar as this appeal is concerned, submitted the following special issues:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Manuel Arambula moved into the righthand lane of the highway when a person using ordinary care would not have done so?

Answer: 'We do' or 'We do not'

Answer: *We do not*"

\*    \*    \*    \*    \*    \*

"SPECIAL ISSUE NO. 8

Do you find that one of the Burtex Construction employees was showing lights off to the side of the highway?

Answer: 'We do' or 'We do not'

Answer: *We do*

SPECIAL ISSUE NO. 9

Do you find that such act inquired about in Issue No. 8 was negligence?

Answer: 'We do' or 'We do not'

Answer: *We do not*"

Plaintiff requested several issues which the court refused to submit. For purposes of this appeal, plaintiff's requested issues can be grouped into four separate clusters. Each cluster inquired whether plaintiff committed a particular act which was a proximate cause of the accident. Only the first cluster inquired whether the alleged act was negligence. All negligence and proximate causation issues were conditioned upon an affirmative answer to the "act" issue of each cluster. Requested Special Issues 1, 7, 9 and 11 were the "act" issues.

The submission of special issues in Texas is controlled by Rule 279, T.R.C.P., which provides in relevant part:

"When the court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence."

\*    \*    \*    \*    \*    \*

"Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue."

Thus, the crux of this appeal is whether the trial court, by its refusal to submit plaintiff's requested special issues, failed to submit fairly and substantially the questions raised by the pleadings and evidence. The answer to this question presented depends upon whether the requested special issues were but mere phases and shades of the submitted issues. *Braugh v. Phillips*, 557 S.W.2d 155 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). We hold that they were.

Plaintiff's requested Special Issue No. 1 reads:

"Do you find from a preponderance of the evidence that Manuel Z. Arambula failed to yield the right-of-way to the vehicle driven by Roberto Franco at the time and place in question?"

In connection with the foregoing Issue, right-of-way is defined as the right to the immediate use of the roadway. A vehicle driving on the expressway has the right of way over a vehicle entering the expressway at any place other than a designated entrance.

Answer: 'We do' or 'We do not'

Answer: _____ "

■ Right-of-way has been defined as yielding in such time as a person of ordinary care and prudence would have yielded under the same or similar circumstances. *Dallas Transit Co. v. Tolbert*, 337 S.W.2d 617 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.). Submitted issue No. 1 asked whether Arambula moved into the right hand lane of the highway when a person using ordinary care would not have done so. Hence, plaintiff's requested right-of-way issue was but a shade of submitted issue No. 1.

■ Requested Special Issue No. 7 asked:

"Do you find that the Defendant's driver started his vehicle and entered the roadway when such movement could not be made with safety?

You are instructed that Article 6701(d) [6701d] of the Revised Civil Statutes, Section 67, provides, 'No person shall start a vehicle which is stopped, standing or parked unless and until such movement can be made with safety.' Section 68 of the same article states that, 'No person shall otherwise turn a vehicle from a direct course or move right or left on a roadway unless and until such movement can be made with safety.' By such statutes, the legislature established a standard of care applicable to the whole public, including the Defendant driver, and his failure to comply with such statutes was negligence.

Answer: 'We do' or 'We do not'

Answer: _____ "

■ Requested special issue No. 7 was also a mere shade of submitted issue No. 1. Such requested issue incorporated Tex.Rev. Civ.Stat.Ann. art. 6701d, §§ 67, 68(a) therein by virtue of the accompanying instruction. Section 68(a), however, prescribes only that the driver must exercise ordinary care. *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.Sup.1972); *Garcia v. Caletka*, 486 S.W.2d 880 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). By the same token, section 67 of the statute also merely prescribes ordinary care on the part of the driving public. It follows that requested issue No. 7 asked nothing more than what was asked by submitted issue No. 1.

Requested Special Issue No. 9 reads:

"Do you find from the preponderance of the evidence that the Defendant's driver entered Interstate 37 at a place other than a designated entrance to said roadway?

Answer: 'We do' or 'We do not'

Answer: _____ "

"You are instructed that in answering the foregoing issue that in Article 6701(d) [6701d], Section 63, provides, 'No person shall drive a vehicle on, to or from any limited access or controlled access highway except at such entrances and exits as were established by public authority.' By such statute, the legislature established a standard of care applicable to the whole public, including the Defendant's driver, and his failure to comply with such statute was negligence."

■ Plaintiff did not request a negligence finding in conjunction with the submission of the above issue. In any negligence per se case, plaintiff has the burden of establishing an unexcused violation of a statute. *Southern Pacific Co. v. Castro*, 493 S.W.2d 491 (Tex.Sup.1973). If, during the course of trial, any evidence of excuse arises, plaintiff must seek and obtain a finding that the statutory violation was negligent as measured by common law standards. Id. In the case at bar, some evidence of excuse was produced at trial because defendant's dump truck was forced to re-enter the highway at the point it did because of an earlier breakdown. Hence, requested issue No. 9 and its accompanying proximate cause issue (No. 10), if answered affirmatively, would not have supported a judgment for plaintiff, and the trial court's refusal to submit these issues did not constitute reversible error.

■ Furthermore, plaintiff's theory that it would have been unlawful for Arambula to re-enter the highway from anywhere except a designated entrance is totally without merit.

Requested Special Issue No. 11 inquired:

"Do you find that the Defendant's employees caused the pickup to be parked on the North side of Interstate Highway 37 with its lights facing East toward the oncoming traffic?

You are instructed that Article 6701(d), 6701(d) [6701d], Section 96 provides, 'Except when otherwise provided by local ordinance every vehicle stopped or parked on a one-way roadway shall be stopped or parked parallel to the curb or edge of the roadway, in the direction of the authorized traffic movement.' By such statute the legislature established a standard of

care applicable to the whole public, including the Defendant's employees and their failure to comply with such statutes was negligence.

Answer: 'We do' or 'We do not'

Answer: _____"

The issue concerning a distraction, if any, caused by the headlights on one of the Burtex pickup trucks was covered substantially by the submission of submitted issues No. 8 and 9. The jury, in its answer to issue No. 8 found that one of the Burtex employees at the time in question "was showing lights off to the side of the highway," but failed to find that such act was negligence (No. 9). Furthermore, Tex.Rev. Civ.Stat.Ann. article 6701d, § 96 (which does not expressly mention headlights) applies only to vehicles parked on "roadways." The term "roadway" is defined by Tex.Rev. Civ.Stat.Ann. article 6701d, § 13(c) in such a way as to exclude shoulders or berms. There was no showing that either of defendant's pickup trucks was parked on a "roadway" as defined by section 13(c).

The trial court fairly submitted the controlling issues raised by the pleadings and the evidence.

We have carefully considered all points of error which have been brought forward. They are overruled.

AFFIRMED.