**Julio RAMOS, Appellant,**

v.

**Jesus GARCIA & Canyon Trucking, Inc., Appellees.**

**No. 13–83–323–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 6, 1984.

Peter Steiner, Bonilla, Read, Bonilla & Berlanga, Inc., Corpus Christi, for appellant.

Douglas Chaves, Kleberg, Redford, Dyer & Weil, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is a personal injury action. Appellant, Julio Ramos, sued appellees, Jesus Garcia and Canyon Trucking Company, for personal injuries he received when the automobile he was operating was struck from behind by a truck driven by appellee, Garcia. Trial was to a jury which found that appellant's own negligence was responsible for his injuries to the extent of 60%, and appellees' combined negligence was the proximate cause of the occurrence to the extent of 40%. Ramos appeals from the take-nothing judgment.

Appellant asserts three points of error on appeal. First, he claims that the trial court erred in not submitting an issue to the jury regarding "assured clear distance." He claims that his general pleading of "negligence per se" is sufficient to allow an issue concerning the statutory violation of TEX.REV.CIV.STAT.ANN. art. 6701d, § 61(a) (Vernon 1977), which states:

Sec. 61. (a) The driver of a motor vehicle shall, when following another vehicle, maintain an assured clear distance between the two vehicles, exercising due regard for the speed of such vehicles, traffic upon and conditions of the street or highway, so that such motor vehicle can be safely brought to a stop without colliding with the preceding vehicle, or veering into other vehicles, objects or persons on or near the street or highway.

The issue which was tendered to the court and refused was as follows:

"Do you find from a preponderance of the evidence that on the occasion in question Jesus Garcia failed to maintain an assured clear distance between his vehicle and the vehicle driven by Julio Ramos?

'Assured clear distance' means that distance which would be maintained by a driver using ordinary care when following another vehicle, considering the speed of such vehicles, and the traffic upon and conditions of the street, so that the following vehicle can be safely brought to a stop without colliding with the preceding vehicle, or veering into other vehicles, objects or persons or on or near the street."

There were, however, issues submitted to the jury concerning whether the appellee was negligent in the following respects:
1. driving at an excessive rate of speed;
2. failing to apply the brakes;
3. failing to take appropriate evasive action;
4. failing to conform his conduct to traffic control signals;
5. failing to keep a proper lookout;
6. failing to keep vehicle properly under control.

The jury found that appellee was negligent in failing to keep a proper lookout and found that this was a proximate cause of the occurrence. However, they found him negligent only to the extent of 20%.

TEX.R.CIV.P. 279 provides, in part:

Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue.

■ Here, the requested special issue was couched in terms of the "ordinary care" standard. It asks whether the driver maintained an "assured clear distance" that a driver using ordinary care would have used. This issue is but a shade of the negligence issues that were already submitted in Special Issue No. 1. This issue asked if appellee Garcia failed to keep a proper lookout, failed to take appropriate evasive action, to apply his brakes and drove at an excessive rate of speed. The requested issue on assured clear distance appears to ask nothing more than was asked by the various issues which were

submitted to the jury in Special Issue No. 1. We hold that the requested issue was no more than a shade of the issues already submitted by the court. *See Franco v. Burtex Constructors, Inc.*, 586 S.W.2d 590 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Braugh v. Phillips*, 557 S.W.2d 155 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Appellant's first point of error is overruled.

■ Appellant argues in his second point of error that the trial court erred in not allowing him to read the Deposition by Written Questions of Officer Charles Seale, the officer who investigated the accident. It appears that the original deposition was not on file, but both parties had a copy of the deposition. Appellee objected to the reading of questions 26 through 28. The objections were sustained. Appellant then requested the trial court to permit him to make a Bill of Exceptions. The court informed appellant that they would "take up the bills later." It seems that the objections by the appellee were leveled at interrogatories 26, 27 and 28 in which the officer reveals that the vehicle appellee was driving had an expired inspection sticker. The objections were made that the evidence regarding the inspection sticker was irrelevant, and there was no evidence that there was a guilty plea. On appeal, appellant Ramos claims that the questions he was not allowed to read to the jury related to the condition of the vehicles involved in the accident. Because we have the deposition before us on appeal, we are able to see that interrogatories 20, 21, 22 and 23 relate to the damage which was done to the automobiles and the officer's opinion of what had happened. We do not find in the record any objection made by appellee to these particular interrogatories. It appears to us that appellant was free to read these questions to the jury because no objection had been made to these questions by the appellee. However, it does appear that they were not read by appellants' counsel to the jury. Neither do we find in the record any evidence that a Bill of Exceptions was ever made by appellant's counsel. Although we have before us the evidence which would have been admitted had the Bill of Exceptions been perfected, this does not comply with the proper form of a Bill of Exceptions. As such, it does not preserve the issue for appellate review, even if it was error. *McInnes v. Yamaha Motor Corp.*, 27 Sup.Ct.J. 441, 673 S.W.2d 185 (1984); *Victoria Comfort Air Co. v. Alamo Express*, 529 S.W.2d 250 (Tex.Civ.App.—Corpus Christi 1975, no writ). Appellant's second point·of error is overruled.

■ In appellant's final point of error, he asserts that the jury verdict assessing contributory negligence on his part was against the great weight and preponderance of the evidence. In reviewing this point of error, we consider and weigh all of the evidence in the case. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The evidence at trial was that the vehicle driven by the appellant was struck from behind by the truck that the appellee, Jesus Garcia, was driving. Only the appellant and the appellee testified to the events surrounding the accident. The evidence was conflicting. Appellant testified that he was traveling on Highway 361, which is a two-lane road. According to appellant, at the intersection of Highway 35 and Highway 361 there was a stop sign and a flashing red stop light. He testified that, at the time the accident occurred, he was stopped in the right-hand lane of Highway 361 with his foot on the brake. According to appellant Ramos, his vehicle was struck in the rear center by the truck driven by appellee. The force of the impact pushed his vehicle out into the intersection where it was struck by another vehicle. On cross-examination, appellant testified that he first noticed appellee's truck when he passed it. He testified that he got in front of the vehicle 500 feet from the intersection where the accident occurred. He also testified that, at the time he got in front of appellant's vehicle, there was 500 feet between his vehicle and the vehicle driven by appellee.

Appellee Garcia testified that he first saw appellant's car in the rearview mirror. He claimed that he had seen the appellant change lanes two or three times. Garcia further testified that, at the time appellant passed him, he was already shifting gears to make his stop. He said that appellant got in front of him just before the stop sign. He "threw" his air brakes on to try to stop, but couldn't. He claimed that he couldn't swerve in any direction because of traffic on one side and a ditch on the other. The jury found that Garcia was negligent in failing to keep a proper lookout, which was a proximate cause of the accident. The jury likewise found that appellant's failure to keep a proper lookout and making an unsafe lane change proximately caused the occurrence in question.

The evidence, although conflicting, was not so against the overwhelming preponderance of the evidence as to be manifestly wrong or unjust. The evidence supports the jury finding that both parties failed to keep a proper lookout. There is also evidence to support their finding that the appellant made an unsafe lane change.

Appellant's third point of error is overruled. The judgment of the trial court is affirmed.