Dennis CASKEY, Appellant,

v.

James BRADLEY, Appellee.

No. 2–88–093–CV.

Court of Appeals of Texas, Fort Worth.

June 21, 1989.

---

Jearl Walker, Fort Worth, for appellant.

Wells, Williford & Felber, Davis Purcell, Fort Worth, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and KELTNER, JJ.

## OPINION

WEAVER, Chief Justice.

This is a tort cause of action. Appellee, James Bradley, sued appellant, Dennis Caskey, for injuries sustained in a traffic accident in Tarrant County, Texas, on October 1, 1983. The jury found each of the parties equally negligent and awarded Bradley $72,800 damages plus $36,007.32 in prejudgment interest. Caskey appeals, alleging defects in the charge and the sufficiency of the evidence to support the judgment. By cross-points Bradley alleges the trial court erred in denying him compensation for future medical expenses and the death of his seeing eye dog, Ozzie.

We reform the judgment as to compensation for the dog and remand for a computa-

tion of prejudgment interest but otherwise affirm.

On October 1, 1983, James Bradley was walking along U.S. Highway 80 in Tarrant County, Texas. Conflicting testimony described him as either walking along the shoulder of the road or in the middle of the road. Bradley is blind and was accompanied by his seeing eye dog, Ozzie. An intersection was located near the scene of the accident. Caskey was operating a motor vehicle in a westbound direction when he hit Bradley (at approximately 11:00 p.m.), causing serious injury to Bradley and killing Ozzie. Evidence was introduced at trial that showed Bradley had been drinking on the night of the accident. A jury found both parties 50% negligent for proximately causing the accident.

In points of error one, two, four, and five, Caskey complains that certain instructions in the charge constituted an invalid and erroneous direct comment on the evidence by the trial court. The court submitted the following in the definitions and instructions section of the charge:

The law states whenever a pedestrian is crossing or attempting to cross a public street or highway, at or near an intersection or crosswalk, guided by a dog, the driver of every vehicle approaching the intersection or crosswalk shall take such precautions as may be necessary to avoid injuring or endangering such pedestrian, and if injury or danger can be avoided only by bringing his vehicle to a full stop, he shall bring his vehicle to a full stop. A failure to comply with this law is negligence in itself.

The law states that every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precautions upon observing any child or any obviously confused or incapacitated persons upon a roadway. A failure to comply with this law is negligence in itself.

Caskey maintains that such instructions were superfluous and an erroneous direct comment on the weight of the evidence.

Further, Caskey claims the charge deviates from the sample contained in Texas Pattern Jury Charges. We disagree.

■ An unexcused violation of a statute or ordinance constitutes negligence as a matter of law if such statute or ordinance was designed to prevent injury to the class of persons to which the injured party belongs. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 549 (Tex.1985). In the present case, both instructions were based on state statutes. The first instruction was based on TEX.HUM.RES.CODE ANN. sec. 121.007(b) (Vernon Supp.1989) (old TEX.REV.CIV.STAT.ANN. art. 6701e, sec. 2 (Vernon 1977)). The second was based on TEX.REV.CIV.STAT.ANN. art. 6701d, sec. 79 (Vernon 1977). Violations of both statutes were pleaded by Bradley.

Section 121.007 of the Human Resources Code reads in part:

(b) The driver of a vehicle approaching an intersection or crosswalk where a pedestrian guided by a support dog or carrying a white cane is crossing or attempting to cross shall take necessary precautions to avoid injuring or endangering the pedestrian. The driver shall bring the vehicle to a full stop if injury or danger can be avoided only by that action.

TEX.HUM.RES.CODE ANN. sec. 121.-007(b). It is undisputed that Bradley is blind and was guided by a dog at the time of the accident. We find Bradley in the class of persons intended to be protected by the statute. Thus, a violation of section 121.007(b) would be negligence as a matter of law.

■ Section 79 of article 6701d reads:

Sec. 79. Notwithstanding other provisions of this Article every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any obviously confused or incapacitated person upon a roadway.

TEX.REV.CIV.STAT.ANN. art. 6701d, sec. 79. Clearly Bradley was a pedestrian in

the roadway at the time of the accident. The fact that he was being led by a guide dog suggests he was incapacitated. Again, we find Bradley in the class of persons intended to be protected by the statute. Accordingly, a violation of section 79 would establish negligence per se in this case.

Having found that violations of the statutes would constitute negligence per se in this case, we must next examine whether the instructions should have been submitted, and whether they were in the proper form. Under old TEX.R.CIV.P. 277 negligence per se was submitted as a special issue inquiring whether the statute was violated. This replaced the common-law question of negligence on that particular issue. *See Antee v. Sims,* 494 S.W.2d 215, 217 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). However, when a statute merely restates the common-law "ordinary care" standard, it is not necessary to submit an issue on whether the statute was violated if an issue of common-law negligence was submitted. *See Franco v. Burtex Constructors, Inc.,* 586 S.W.2d 590, 592–93 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Williams v. Price,* 308 S.W.2d 185, 188 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.).

■ The current rule 277 mandates that, whenever feasible, a case be submitted to the jury upon broad-form questions. TEX. R.CIV.P. 277. Under special issue submission, when claims of both common-law negligence and negligence per se were raised, different special issues could be used for each. Under the broad-form submission method this presents a more difficult situation. 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 5.01 (2d ed. 1987). Chapter 5.01 suggests that an instruction be submitted on negligence per se immediately prior to the general question on negligence and proximate cause. That was the exact procedure used in this case. We find this method to be an appropriate one for cases with mixed common-law negligence and negligence per se issues. We do not hold that this is the *only* correct method; merely that it is a correct method of jury charge submission.

■ We also must examine whether TEX.HUM.RES.CODE ANN. sec. 121.007(b), and TEX.REV.CIV.STAT.ANN. art. 6701d, sec. 79 merely restate the common-law ordinary care standard. We find that section 121.007(b) clearly states a standard different than that of ordinary care. The driver is to take "necessary precautions" for persons guided by a support dog or carrying a white cane to avoid injuring them at or near a crosswalk or intersection. This creates a special duty to a specific class of persons at a specific place. As such, we believe that this statute creates a duty of care other than the common-law ordinary care rule.

■ Section 79 of article 6701d is a slightly closer call. The first part of the section mentions "due care," which seems to track the common-law standard. However, the statute further specifies that the driver sound the horn when necessary and exercise proper precaution upon observing any child or any obviously confused or incapacitated person upon a roadway. We find this creates a duty of care other than the ordinary care standard. Specifically, it requires the driver to do something (sound the horn) and to pay extra attention to a certain class of people (obviously confused or incapacitated persons). Accordingly, we find the negligence per se instructions to be proper and overrule points of error numbers one, two, four, and five.

In point of error number three, Caskey complains that the trial court erred in failing to submit a requested special instruction. This instruction read: "A blind pedestrian is not accorded any greater rights or privileges than are accorded normal pedestrians in regard to walking upon public streets and highways." Caskey cites *Loving v. Meacham,* 278 S.W.2d 466, 470 (Tex. Civ.App.—Amarillo 1955) as authority for this proposition. But, as Caskey notes, this case was reversed by the Texas Supreme Court, 155 Tex. 279, 285 S.W.2d 936 (1956). Given this reversal, we are unwilling to put any faith in the authority of this decision.

At oral argument, Caskey admitted that his proposed instruction was erroneous. However, Caskey's argument continues,

this instruction would undo some of the damage that the other parts of the charge had caused. We have already held that the other instructions were proper. It is clear from section 121.007(b) that blind pedestrians (guarded by a guide dog or using a cane) are to be accorded special treatment at an intersection. Thus, it appears clear to us that his instruction misstated the law and that Caskey was not entitled to it under any circumstances. Caskey's third point of error is overruled.

In points of error numbers six and seven, Caskey argues that there was no evidence, or alternatively insufficient evidence, to support the jury's answers on liability and percentages of comparative negligence.

In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Sherman v. First National Bank,* 760 S.W.2d 240, 241 (Tex.1988) (per curiam); *Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951) (per curiam). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas,* 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX.L.REV. 361 (1960).

An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965). We are required to consider all of the evidence in the case in making this determination. *See id.*

■ James Bradley testified at trial that he located the "shoreline" (where the pavement ended) of the road and that he followed it the entire time. Another witness testified that based on his analysis of the evidence, Bradley was at the edge of the road when the accident occurred. Caskey testified that Bradley was right in front of his car when he first saw him; however, in a deposition Caskey testified that he was on the shoulder of the road at the time. He denied at trial that he was ever on the shoulder of the road. Other witnesses testified that they saw Bradley in a lane walking across the road. One of these also testified that he managed to avoid hitting Mr. Bradley by swerving and applying his brakes. Based on this testimony we believe that there was some evidence that both parties were negligent. Bradley's own testimony defeats the no evidence point. We find that testimony, and the rest of the evidence presented, sufficient to support a jury finding of equal negligence of both parties. Caskey's sixth and seventh points of error are, therefore, overruled.

By way of cross-points, Bradley claims that the trial judge erred in failing to award him future medical expenses and compensation for the loss of the dog. The trial court found that there was no evidence to support the jury's finding of $2,500 for future medical expenses and $2,500 for the value of the dog, Ozzie. We uphold the trial court's judgment as to the future medical expenses but reverse as to the value of the dog.

■ Bradley correctly asserts that Texas adheres to the "reasonable probability" rule for future damages for personal injuries. *See Hughett v. Dwyre,* 624 S.W.2d 401, 405 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). Further, it is true that precise evidence is not required and that the matter is primarily one for the jury to deter-

mine. *Id.; Gladewater Municipal Hosp. v. Daniel,* 694 S.W.2d 619, 621 (Tex.App.—Texarkana 1985, no writ). However, in both the *Hughett* and *Gladewater Municipal Hosp.* cases there were testimonies from doctors of dollar figures for future medical expenses. In the present case there is no such testimony. The doctor testified that Bradley should see him in the future if necessary. Bradley had not seen the doctor for a period of over two years before the trial. Bradley testified that he had aches in his legs and that he believed the pain to be getting worse, but that he had not seen the doctor because the doctor told him that the pain would be like this from now on. Nowhere was there any evidence that any sort of medical care would be required in the future. Based on this evidence we believe the trial court was correct in denying the future medical expenses on no evidence grounds.

However, we find the trial court erred in denying recovery for the dog. A dog is personal property whose ownership is recognized under the law. *Arrington v. Arrington,* 613 S.W.2d 565, 569 (Tex.Civ.App.—Fort Worth 1981, no writ). An owner of a dog may recover for its wrongful injury or killing. *City of Garland v. White,* 368 S.W.2d 12, 16 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.). Caskey maintains that there was no evidence that Bradley owned the dog, and thus could not recover for its injury. We disagree.

Bradley testified that the dog was a gift from Guide Dogs for the Blind. He further testified that the dog was his to use until the dog died or had to be destroyed. We are aware of no title requirement under Texas law for ownership of dogs. Bradley stated he had the dog for ten months prior to the accident. We believe this provides some evidence that Bradley owned the dog and thus was entitled to recover for it. We sustain Bradley's second cross-point.

Therefore, we modify the judgment to include an additional $1,250 for Bradley (one-half of the $2,500 value of the dog as determined by the jury). We remand this cause to the trial court for computation of prejudgment interest on the additional $1,250 in damages awarded to Bradley. *See Rio Grande Land & Cattle Co. v. Light,* 758 S.W.2d 747 (Tex.1988) (per curiam) (opinion on writ of error); TEX.REV. CIV.STAT.ANN. art. 5069–1.05 (Vernon Supp.1989), Otherwise, we affirm the decision of the trial court.