## LOVE MILLER V. THE STATE.

No. 21851. Delivered January 21, 1942.
Rehearing Denied February 25, 1942.

The opinion states the case.

*A. A. White* and *Jack Flock*, both of Tyler, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to sustain his conviction. The record shows that R. W. Music was engaged to drive a school bus for the school district in which the town of Van is located; that he was in charge and possession of a building in which the bus was stored at night. The building was entered by some person by force in the nighttime without the consent of Music. Four wheels with the tires thereon were taken from the school bus besides the spare tire and an inner tube. A day of two thereafter, the officers recovered the property at the home of the appellant's mother at which time the appellant and his brother Claud were the only persons present and apparently in charge thereof. The property was identified by the owner as that taken from the burglarized premises. The officers noticed a red truck parked near the place where the stolen property was found. It was further shown that on the

night of the burglary the appellant and another party were seen by the night-watchman of the town of Van near the school building driving a red truck.

Appellant did not testify or offer any affirmative defense. He filed a plea for a suspension of sentence in the event of his conviction and supported the same by some testimony.

We deem the evidence sufficient to sustain the jury's conclusion of the appellant's guilt.

Appellant brings forward two complaints. The first relates to the action of the court in permitting the officers to testify that on or about the 15th day of February, 1941, they saw the defendant, Love Miller, in a house located on Route 7, Fort Worth, Texas; that after they reached the building and knocked on the door Claud Miller opened it and asked them what they were looking for; that he then invited them into the house and asked them if they were looking for the truck tires; that the officers answered him in the affirmative and he told them that the tires were in the back room; that the defendant was present at the time but there was no direct evidence that he heard and understood the conversation between Claud Miller and the officers; that the officers arrested both appellant and his brother Claud. Appellant objected to this testimony upon the ground that the statements were made by third parties in his presence and while the defendant was under arrest and therefore could not be used against him, which objection was overruled by the court. We see no merit in the appellant's contention. When the officers appeared at the home of the appellant's mother at which he and his brother were the only persons present, they were invited into the building by appellant's brother and were told that the wheels and tires which they were looking for were in the back room. Appellant was immediately present but made no statement to the contrary, nor did he make any explanation as to how the tires came to be there. Neither did he deny his connection therewith or any knowledge of the tires being there. The officers entered the home at the request and invitation of Claud, and with the tacit consent of appellant, and the location of the stolen property was disclosed to the officers by Claud in the presence of appellant without objection or protest on his part. We think this case falls within the rule announced by this court in Southall v. State, 77 Tex. Cr. R. 490, 179 S. W. 872.

By the second bill of exception appellant complains of the testimony given by Oscar Vaughan, the night-watchman at Van, to the effect that he saw the defendant just on the outside of the school grounds, whereupon the District Attorney propounded the following question: "Did you answer that," Thereupon the court, in the presence and hearing of the jury said: "Yes, he said on the outside of the school grounds." Appellant objected to the remark of the court as being a comment upon the weight of the testimony and that the same was in effect testimony different from that given by the witness. The objection was overruled by the court and the appellant in due time excepted. This was not a comment by the court upon the weight of the testimony but merely a repetition of what the witness had said. It is obvious that the District Attorney did not understand the witness' reply to the question and the court merely repeated the answer of the witness. Consequently the bill fails to reflect any reversible error. In support of what we have said here, we refer to the case of Gaines v. State, 47 S. W. 1012. In that case we had a similar question as the one here presented and this court, speaking through Judge Henderson, held the act of the court in stating that the witness had so testified on direct examination was not a comment on the testimony.

Appellant also contends that the jurors after the close of the testimony were permitted by the sheriff to separate. In his order overruling the motion for new trial the court states that he heard the motion and the evidence thereon and overruled the same. If any evidence was introduced, it is not brought forward for review. Hence we are unable to determine whether or not there was any error in the court's action. The granting or overruling of a motion for new trial, as a rule, rests within the sound discretion of the trial court and this court would not be authorized to set aside his judgment thereon unless it is made to appear that the court abused his discretion.

No error having been presented by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

434

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that we were in error in the disposition made of his contention relative the conversation had, at the home of his mother, in appellant's presence, between his brother Claud Miller and the officers, in which Claud Miller asked them if they were looking for the truck tires and told them that the tires were in the back room. The objection to this testimony, as set out in the bill of exception, is that such statement was by a third party in the presence of defendant while he was under arrest. There is nothing in the statement of Claud Miller to the officers that connected appellant with the tires. To the contrary, it showed possession by Claud Miller of the stolen tires and was admissible against him for that purpose.

One of the elements constituting the State's case—and the jury was instructed thereon—was that of principals, wherein the jury was authorized to convict appellant as a principal offender with Claud Miller. If appellant had any complaint to the testimony to which he objected, it was to have the effect thereof limited by the trial court before the jury as against Claud Miller; but, appellant made no such request.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.