Ernest Earl ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42761.

Court of Criminal Appeals of Texas.

April 29, 1970.

Rehearing Denied June 24, 1970.

John P. Farra, Houston, (court appointed), Bob Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by exhibiting a firearm; the punishment, fifty years.

According to the record, appellant robbed E. L. Ratcliffe, the night manager of the Houston House, an apartment hotel. At approximately 4:15 in the morning, appellant approached Ratcliffe and asked for change for a dollar. After he was told there was no change, appellant left and returned and then asked to change a five dollar bill. When he did not get the change, he left the building. Later, he entered again, got behind the counter and held what appeared to be a gun on the manager and searched and took his billfold which contained $200.00.

Appellant then saw the manager's gun by the adding machine and took it. As he was leaving, he turned and fired the gun, and the shot went through Ratcliffe's jawbone and exited at the back of the neck. The gun was recovered several months later when appellant was arrested in another hotel where he was asking for change after he had approached a bellboy to assist him in a robbery there.

■ Ratcliffe made a positive in-court identification of appellant as the robber. He testified that he had observed appellant for about six minutes in the brilliantly lit lobby and that he had also identified him in a lineup.

Appellant testified that he was not the robber. His defense was that his jaw was wired shut at the time of the crime, and as a result he was unable to speak. He explained his possession of Ratcliffe's gun by stating that it was given to him by a friend who looked exactly like him and had the same last name.

The jury chose not to believe appellant, and the evidence is sufficient to support the conviction.

On the sole ground of error, it is contended that the trial court judge abused his discretion in overruling the motion for new trial, because he had overruled the second motion for continuance due to the absence of Melvin Charles Robinson.[1]

■ The motion for new trial does not contain an affidavit of the absent witness named in the motion for continuance that he would testify as alleged in the motion. A requisite is that an affidavit of the witness is necessary to establish abuse of discretion. Thames v. State, Tex.Cr.App., 453 S.W.2d 495; Sustaita v. State, Tex.Cr.App., 396 S.W.2d 381; Young v. State, Tex.Cr. App., 384 S.W.2d 710.

The record does not show that an application for subpoena was ever issued for the absent witness. No diligence has been shown. Article 29.06, Sec. 6, Vernon's Ann. C.C.P., provides, in part:

"* * * If a motion for continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the motion was of a material character, and that the facts set forth in said motion were probably true, a new trial should be granted, and the cause

---

1. Appellant was indicted on July 2, 1968, and he, with his attorney of record, entered a plea of not guilty in open court on September 24, 1968. Hearing on appellant's preliminary motions was set for November 8, 1968, and the trial on the merits set for December 12, 1968. Defense counsel appeared on November 8, 1968, and the hearing was reset to November 26, 1968. Appellant's first motion for continuance, alleging the absence of witness Melvin Charles Robinson, was filed on December 10, 1968, and the court reset the case to March 5, 1969, for trial. Appellant's second motion for continuance alleging the absence of the same witness was filed on March 5, 1969, and overruled by the court.

continued or postponed to a future day of the same term."

 The trial judge was justified in concluding that the statements set forth in the motion for new trial about the absent witness Melvin Charles Robinson were not true, as the jury had evidently found upon returning the verdict of guilty.

No abuse of discretion has been shown; the trial court did not err in overruling the motion for new trial.

The judgment is affirmed.