**Jessie Edward LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45092.**

Court of Criminal Appeals of Texas.

June 14, 1972.

Ralph Taite, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery by assault. The jury assessed punishment at forty years.

The record reflects that Homer Lee Sessions identified appellant as one of two men who robbed him at gunpoint of $700 in cash and between three and four hundred dollars in checks, while Sessions was working as a route salesman for Pearl Beer Distributing Company in Dallas on December 23, 1968.

The sufficiency of the evidence is not challenged.

At the outset, appellant contends that the court erred in overruling appellant's motion for a continuance.

Trial began on September 15, 1969. After the State rested its case, appellant

called five witnesses to testify and then recalled the State's only eye witness, Homer Lee Sessions. At the conclusion of Sessions' testimony on the afternoon of September 16, 1969, appellant made a motion for continuance on the ground that the testimony of one Byron Alexander was necessary to impeach the testimony of Sessions. The motion alleged that the testimony of Alexander would show that the witness Sessions was not sure that the appellant was the man who robbed him and that Sessions had stated that he had been questioned so much by the police that he did not know what he was saying. The motion further recited it was being made at 4:40 P.M., a time close to the normal recess time and that appellant reasonably expected the attendance of the witness the next day. No subpoena had been issued for the said Byron Alexander and appellant urges that it was not until the conclusion of the testimony that it became obvious that the testimony of Alexander would be needed.

It is noted that the said Byron Alexander did appear as a witness in behalf of appellant at the punishment stage of the trial on the following day. The court limited the testimony of Alexander to any matter that has to do with punishment.

The motion for new trial does not contain an affidavit of the witness named in the motion for continuance that he would testify as alleged in the motion. A requisite is that an affidavit of a missing witness is necessary to establish abuse of judicial discretion in overruling the motion for new trial. Kelly v. State, Tex.Cr.App., 471 S.W.2d 65; Robinson v. State, Tex.Cr. App., 454 S.W.2d 747; Thames v. State, Tex.Cr.App., 453 S.W.2d 495. No abuse of discretion has been shown by the court in overruling appellant's motion for continuance. See Art. 29.13, Vernon's Ann.C.C. P.

■ Appellant next contends that the court erred in permitting the witness Sessions to make an in-court identification of appellant as the robber. Appellant urges

that said testimony was tainted by an unduly suggestive and fundamentally unfair line-up. Before testimony began, a hearing was had before the court out of the presence of the jury on appellant's motion to suppress the in-court identification of appellant. See Martinez v. State, Tex.Cr. App., 437 S.W.2d 842. At the conclusion of the hearing, the court overruled appellant's motion.

The robbery occurred about 3:45 P.M. In response to a question as to how long he had a chance to look at the man who robbed him, Sessions answered, "The whole time he was robbing me . . . I kept my eyes right in his eyes to see if he was going to pull that trigger on that pistol." According to Sessions, the time consumed in the robbery was about two minutes. Sessions further testified that if he had never gone to the line-up, he would have recognized appellant as the man who robbed him and that he was basing his identification on what he saw at the time of the offense.

■ Appellant urges that the other people in the line-up were unlike appellant in appearance. While it might be better practice to have a line-up composed of persons whose every feature matches, we do not feel that either due process of law or common sense requires such procedure. See Ward v. State, Tex.Cr.App., 474 S.W. 2d 471.

While the trial judge made no findings in overruling appellant's motion to suppress, Martinez v. State, supra, we find that the record supports the action of the court.

The complaining witness having observed the man who robbed him and made a positive identification of appellant as being such person, we find no abuse of discretion on the part of the trial judge in not precluding the in-court identification. The record negates the contention that the in-court identification was tainted by the line-up. Duncan v. State, Tex.Cr.App., 454

S.W.2d 736; Harris v. State, Tex.Cr.App., 453 S.W.2d 838.

 Appellant contends that he was denied due process of law in that the trial was conducted before a retired judge who is not answerable to the electorate of Dallas County nor appointed by the Governor.

Prior to the trial, appellant filed a motion to challenge the sitting of retired Judge Henry King and same was overruled. The record reflects that Judge King was assigned to sit in Dallas County Criminal District Court No. 3 (the court in which this case was tried) by the Honorable Dallas A. Blankenship, Presiding Judge of the First Administrative Judicial District, under the authority of Articles 200a, § 5a and 6228b, § 7, Vernon's Ann.Civ.St. See Buchanan v. State, Tex.Cr.App., 471 S.W.2d 401. Clearly, no error is shown.

The judgment is affirmed.

Opinion approved by the Court.