**Leonard McKIBBON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–85–00171–CR.**

Court of Appeals of Texas, San Antonio.

June 25, 1986.

Mark Stevens (court-appointed on appeal only), San Antonio, for appellant.

Sam Millsap, Jr., Eduardo Garcia, Michael Edwards, Edward Shaughnessy, III,

Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for aggravated robbery. Defendant was convicted in a jury trial. The trial court assessed punishment at 99 years.

The evidence showed that two persons robbed a convenience store in San Antonio. The manager of the store identified the defendant as one of the two robbers. The co-defendant, James Woerner, had been convicted on a previous trial. The defendant's theory of the case was that the robbery was actually committed by Woerner and one Randy Woodall. The defendant offered alibi testimony. The defense also called Rosemary Maxwell as a witness and attempted to establish that Randy Woodall had admitted to Maxwell that he participated in committing the robbery. The court sustained the State's hearsay objection. The defendant now claims by ground of error that this testimony was an admissible declaration against penal interests.

■ What admission, if any, Woodall made to Maxwell is not shown in the record by bill of exception or otherwise. A bill of exception is a necessary predicate for appellate review if the matter complained of is not otherwise shown by the record. TEX.CODE CRIM.PROC.ANN. art. 40.09, § 6(b) (Vernon Supp.1986). Since the defendant did not perfect a bill of exception or offer other proof to show what the excluded testimony would have been, nothing is preserved for review. *Passmore v. State*, 617 S.W.2d 682, 685 (Tex.Crim.App. 1981). The first ground of error is overruled.

The defendant's second ground of error concerns the failure of the trial court to grant a motion for a transcription of the record of the proceedings in the trial of the co-defendant James Woerner. The defend-

ant relies on *Billie v. State*, 605 S.W.2d 558 (Tex.Crim.App.1980) which was based upon *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). The holding in *Billie*, modified on the State's motion for rehearing, was that an indigent defendant need only be furnished without cost for use in a subsequent trial a transcription of the testimony of the State's witnesses at the accused's prior trial. A transcription of other portions of the record need only be furnished if a particular need is shown. *Billie*, 605 S.W.2d at 565.

The defendant concedes that this case is distinguishable from the cited authorities. Here he is requesting that the proceedings in a third party's trial be transcribed while in the cases cited the appellants sought transcription of their own prior mistrials. The defendant contends this is a distinction without a difference, even though we do not know if the defendant was even mentioned in the testimony at the co-defendant's trial. We do not know if the testimony in that trial was consistent or inconsistent with the defendant's present position.

Additionally, we note that the request in our present case is much broader than that approved in the modified opinion in *Billie*. Here the defendant requests a transcription of the entire trial proceedings, whereas in *Billie* the court held that the defendant need only be furnished with a transcription of the testimony of the State's witnesses.

■ Rather than extend and broaden the *Billie* rule as requested by the defendant, we feel that each request should be treated on a case by case basis. The defendant should set out with specificity that portion of the testimony he desires from any prior proceeding, whether from his own trial or that of a third party, and demonstrate a particular need for a transcription of that evidence. Much weight should be given to the trial judge's exercise of discretion after conducting a hearing on the particular request.

In the light of no Texas authority to the contrary, we feel the trial court was justi-

fied in denying the motion. The second ground of error is overruled.

Defendant's last ground of error complains that the trial court did not accord him a hearing on his objections to the appellate record. Assuming that the record before us were exactly as the defendant contends it should be, it would not change our disposition of the controlling issues in the appeal.

Finding no error we affirm the judgment below.

CANTU, J., concurs without opinion.