**James WHITE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09 86 160 CR.**

Court of Appeals of Texas,
Beaumont.

June 17, 1987.

William A. Adair, Conroe, for appellant.

Mary Ann Turner, Asst. Dist. Atty., Montgomery County Courthouse, Conroe, for appellee.

## OPINION

BURGESS, Justice.

A jury convicted appellant of burglary of a building. They then found that he had been previously convicted of felonies and assessed his punishment at 20 years confinement in the Texas Department of Corrections. This appeal challenges the inclusion of two oral statements and the exclusion of two written statements.

The first point of error alleges the trial court committed reversible error in overruling a motion to suppress and thereafter admitting into evidence two oral statements of appellant. Appellant had been arrested on July 30 for an unrelated offense. At that time he was taken before a magistrate and given the appropriate warnings. According to the state's evidence, a day or two later, appellant notified a sheriff's deputy that appellant wanted to talk to him. Appellant then took the deputy to a small grocery store that had been burglarized. While at the store appellant described to the officer and the store owner how the burglary had taken place and what had been taken, from where and in what manner. Appellant was then returned to jail. The next day appellant talked to another officer, described the burglary, and then took both officers to a store where cigarettes which had been stolen were sold. That second store owner acknowledged that he had bought cigarettes from appellant and another individual and returned some cigarettes to the authorities.

The second oral statement was absolutely admissible under *TEX.CODE CRIM.PROC.ANN. art. 38.22, sec. 3(c)* (Vernon Supp.1987) in that it led to the finding of the stolen cigarettes even though the recovered cigarettes could not be positively identified as having come from the burglarized store. *See Curtis v. State,* 640 S.W.2d 615 (Tex.Crim.App.1982). The first oral statements at the grocery store are more troublesome. The trial court apparently allowed the statement on the basis of *Marini v. State,* 593 S.W.2d

709 (Tex.Crim.App.1980), thus adopting the state's contention that the oral statement began prior to going to the scene of the burglary and ended at the recovery of the stolen cigarettes. We do not believe the language in *Marini* was intended to cover a period of three days. The first oral statements should not have been allowed into evidence. Their admission, however, does not require a reversal since the second confession was properly admitted. *Daniel v. State,* 668 S.W.2d 390 (Tex.Crim.App. 1984).

Appellant also raises the issue of voluntariness in his appellate brief. However, appellant never raised the issue by evidence despite the fact the court conducted a hearing outside the presence of the jury. Thus, nothing is preserved for review. *Lindley v. State,* 635 S.W.2d 541 (Tex. Crim.App.1982).

The second point of error alleges the trial court committed reversible error in refusing to admit into evidence written statements taken from appellant. Appellant relies on art. 38.24, Code of Criminal Procedure now *TEX.R.CRIM.EVID. 107.* This is the "rule of optional completeness." When the state is allowed to introduce part of a confession, a defendant may then introduce the rest of the confession. *Adams v. State,* 685 S.W.2d 661 (Tex.Crim.App. 1985). A defendant may not introduce self-serving declarations unless they come under some exception such as the optional completeness rule. *Cazares v. State,* 488 S.W.2d 455 (Tex.Crim.App.1972). The rule does not come into effect in the situation here.[1] The written statements were taken prior to the properly admitted oral confession which led to the stolen cigarettes. There was no incomplete statement introduced by the state. This point of error is overruled. The judgment is affirmed.

AFFIRMED.

---

1. If the state's original theory of one complete on-going confession were to be adopted, then the written confessions which were taken during that time period would have been admissible under the rule of optional completeness.