**Edna Louise LAUDERBACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–88–056–CR.**

Court of Appeals of Texas,
Fort Worth.

April 18, 1990.
Rehearing Overruled June 5, 1990.

Larson & Trantham and William E. Trantham, Dallas, for appellant.

Michael L. Shepherd, Asst. County Atty., Gainesville, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and MEYERS, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Edna Louise Lauderback, appellant, was convicted by a jury of the offense of obstructing a highway or other passageway. TEX. PENAL CODE ANN. sec. 42.-03(a)(2)(A) (Vernon 1989). The court assessed punishment at a 180–day probated sentence and a $550 fine.

We affirm.

After a disagreement with Olney Savings in Gainesville, Texas, appellant began to picket the bank. She picketed the establishment on foot for approximately five weeks without any significant results. Appellant then borrowed a wheelchair from her nephew, attached a sign to the back of it stating "Olney Savings cripples women" and placed the wheelchair out in a lane of traffic on Grand Avenue in front of the bank. The sign extended two to three feet above the handles on the wheelchair, so that the person sitting in the chair was not visible to on-coming traffic.

Grand Avenue is one of the busiest streets in Gainesville. It is narrow and there is no area along the side for parking.

Parking is in fact prohibited. Appellant's wheelchair was sitting about three feet from the curb in the lane of traffic and was not traveling. She was facing in the same direction as the traffic. The sign on the back of the wheelchair prevented her from seeing approaching traffic and prevented approaching traffic from seeing her. The police station got a number of calls that appellant was causing an *obstruction.*

A police officer, Officer Privett, was dispatched to the scene, and upon arrival he saw two cars stopped behind appellant. He had to wait for them to go around her before he could get to the bank. Officer Privett was concerned about the obstruction of the road and the danger to appellant and the drivers on the road. He asked appellant to move three times and she refused each time. Officer Privett then arrested appellant for obstruction of a roadway.

The relevant portion of section 42.03 provides that a person commits an offense if 1) without legal privilege or authority, 2) he intentionally or knowingly disobeys, 3) a reasonable request or order to move, 4) issued by a person the actor knows to be or is informed is a peace officer, or a person with authority to control the use of the premises, 5) to prevent obstruction of a highway or street. *See* TEX. PENAL CODE ANN. sec. 42.03(a)(2)(A).

Appellant argues in her first point of error that the evidence is insufficient that she was without legal privilege of a handicapped person. Appellant urges in support of this point that public facilities are open to all people including the handicapped on an equal basis. *See* TEX.HUM.RES.CODE ANN. sec. 121.003 (Vernon 1980). Section 121.002(3) of the Human Resources Code defines "public facilities" to mean streets, highways, sidewalks and walkways. *Id.* at sec. 121.002. Appellant further cites to TEX.REV.CIV.STAT.ANN. art. 6701d, sec. 81 (Vernon 1977) for the proposition that where sidewalks are not provided, a pedestrian may use the roadway. Appellant reasons that to penalize a handicapped person for doing what a non-handicapped person may lawfully do violates both the letter and spirit of the Human Resources Code, section 121.003(a).

We note that there is conflicting evidence in the record as to whether or not appellant was actually handicapped on the day in question. The only evidence showing that appellant was handicapped was from her own testimony. The State's testimony shows that appellant was not handicapped and the wheelchair was simply used as a metaphor for symbolic protest.

The State contends that even if appellant were handicapped, she still would not have any legal privilege to obstruct the road in this case. Even though appellant relies on article 6701d, section 81 as a proposition that she had a right to be in the street because no sidewalks were provided, a careful reading of that article shows otherwise. That article provides as follows:

> (a) Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.

> (b) Where sidewalks are not provided any pedestrian walking along and upon a highway shall when possible *walk only on the left side of the roadway or its shoulder facing traffic* which may approach from the opposite direction.

TEX.REV.CIV.STAT.ANN. art. 6701d, sec. 81(a) & (b) (Vernon 1977) (emphasis added). The applicable portion of the Texas Penal Code states that "[a] person commits an offense if, *without legal privilege or authority,* he intentionally, knowingly or recklessly ... obstructs a highway [or] street...." TEX. PENAL CODE ANN. sec. 42.03 (Vernon 1989) (emphasis added). This privilege refers to the right to obstruct a passageway, not to whether a person may use a passageway if they do not create an obstruction. *See Id.* It has been held that while a person may generally stand on a sidewalk, he may be arrested if doing so creates an obstruction. *See Haye v. State,* 634 S.W.2d 313, 315 (Tex.Crim. App. [Panel Op.] 1982). A pedestrian or a wheelchair user's right to use a highway is similarly limited by the law regarding obstructions.

The Human Resources Code further states that a handicapped person's right to use a public facility is subject to the "limitations and conditions established by law and applicable alike to all persons." TEX. HUM.RES.CODE ANN. sec. 121.003. Handicapped people do not have more rights and privileges when it comes to creating dangers to themselves and others than do non-handicapped people. *See Loving v. Meacham,* 278 S.W.2d 466 (Tex.Civ. App.—Amarillo 1955), *rev'd on other grounds,* 155 Tex. 279, 285 S.W.2d 936 (1956). Appellant in this case was not arrested because she was handicapped, she was arrested because she was obstructing traffic. A non-handicapped pedestrian would have been arrested in the same circumstances.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ After viewing the evidence in the light most favorable to the verdict, we hold that the evidence shows that appellant was without legal privilege of a handicapped person. Even if appellant were handicapped, she would have no legal privilege to be in the highway obstructing traffic because of that handicap. If there were no sidewalks on that side of the street, appellant was required to walk along the highway on the left side of the roadway or its shoulder facing traffic, not on the right side of the shoulder facing the same direction as traffic. Appellant's first point of error is overruled.

■ Appellant's second point of error urges that the evidence is insufficient that appellant unreasonably rendered passage hazardous or inconvenient or that it was necessary to prevent her conduct. Appellant asserts that unless an overriding public interest is shown, the right of free speech is a paramount right and is protected from control by government regulation. TEX. CONST. art. I, sec. 8. As a result, appellant was entitled to the guarantee of free speech since no overriding public interest was shown by the evidence.

The State responds that the law does not require that appellant actually cause a hazardous or unreasonable inconvenience before an offense has occurred. TEX. PENAL CODE ANN. sec. 42.03 provides that a person commits an offense by disobeying a reasonable request or order to move issued by a person the actor knows to be or is informed is a peace officer to *prevent* obstruction of a highway. TEX. PENAL CODE ANN. sec. 42.03. The statute further instructs that "obstruct" means to render impassable or to render passage unreasonably inconvenient or hazardous. *Id.*

The fact that only one person has to go around someone and walk in the mud has been found sufficient to prove that the passage was rendered unreasonably inconvenient and the defendant therefore created an obstruction. *See Haye v. State,* 634 S.W.2d at 315. In this case, appellant was blocking one lane of traffic on a busy day. Cars had to stop behind her and then wait to move over into the next lane in order to pass her. Appellant's actions clearly fall within the definition of obstruction by rendering passage unreasonably inconvenient or hazardous.

We hold that the evidence viewed in the light most favorable to the State was sufficient to show that appellant created an obstruction by making the passage unreasonably inconvenient and hazardous, and that it was necessary to prevent that conduct. The purpose of this statute is to prevent obstructions in the road, not to inhibit speech. An overriding public interest has indeed been shown; that of protecting people lawfully using the roadways. Appellant is guaranteed the right to free speech, but not in the middle of a road during traffic. Appellant's second point of error is overruled.

Appellant's third and fourth points of error urge that appellant was denied the affirmative guarantee of free speech under article I, section 8 of the Texas Constitution of 1876; and that appellant was denied her right to freedom of speech guaranteed by the First Amendment to the United States Constitution, by enforcement of an extremely broad prohibitory statute. Appellant's eighth point of error further argues that the statute as applied by the trial court is unconstitutional because it fails to protect speech and conduct protected by the First Amendment to the United States Constitution.

Appellant urges that she was protesting the treatment of her by Olney Savings in the only suitable public place available for that purpose. She further argues that the statute, while constitutional on its face, is so loosely and broadly interpreted that it makes illegal speech and conduct that are protected by the First Amendment of the United States Constitution.

■ Free speech rights or guarantees are not absolute, unlimited or immune from control; they must yield to more compelling state interests and their regulation as to time, place, and manner of exercise is proper when reasonably related to a valid public interest. *Grayned v. City of Rockford*, 408 U.S. 104, 115, 92 S.Ct. 2294, 2303, 33 L.Ed.2d 222 (1972); *Rains v. Mercantile National Bank at Dallas*, 599 S.W.2d 121, 123 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). Free speech guarantees in both the United States Constitution and the Texas

Constitution must yield to the extent necessary to protect public interest. *Palmer v. Unauthorized Practice Committee of the State Bar of Texas*, 438 S.W.2d 374, 377 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ).

■ The State contends that the degree of protection afforded to communicative acts is not the same as that afforded to pure speech. *See Hurley v. Hinckley*, 304 F.Supp. 704, 708 (D.Mass.1969), *aff'd*, 396 U.S. 277, 90 S.Ct. 603, 24 L.Ed.2d 469 (1970); *Deeds v. State*, 474 S.W.2d 718, 720 (Tex.Crim.App.1971). In cases involving either pure communication conduct or speech plus conduct, a sufficiently important interest in regulating nonspeech aspects of the conduct can justify incidental limitations on the right of expression. *Deeds v. State*, 474 S.W.2d at 720.

The Supreme Court in *United States v. O'Brien* set out a four part test for laws designed to serve nonspeech interests which incidentally affect free speech rights. The test is as follows: a government regulation is sufficiently justified (1) if it is within the constitutional power of the government; (2) if it furthers an important or substantial governmental interest; (3) if the governmental interest is unrelated to the suppression of free expression; and (4) if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest. *United States v. O'Brien*, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

■ It is undisputed in this case that the government has the constitutional power to regulate obstructions in the roadway, and that preventing obstructions in the roadway furthers an important or substantial governmental interest. As to the third step of the test, a statute can be upheld if it does not directly abridge free speech, but while regulating a subject within the State's power, it tends to have the incidental effect of inhibiting First Amendment rights. *See Younger v. Harris*, 401 U.S. 37, 51, 91 S.Ct. 746, 754, 27 L.Ed.2d 669 (1971). This is true if the effect on speech is minor in relation to the need for control

of the conduct and the lack of alternative means for doing so. *Id.* We note that the law under which appellant was convicted was limited to the obstruction of highways and there were no facial restrictions of free speech. Any effect on appellant's speech was merely incidental. The restriction on appellant's free speech rights in this case was no greater than was essential to prevent appellant from hurting herself or others. The police did not prevent appellant from picketing the bank ever again, they merely restricted her from doing it in the middle of the road.

We hold that the statute does not substantially limit the exercise of free speech and it is not overbroad as an effect on free speech. Laws protecting against obstructions that are not based upon control of speech have been repeatedly upheld in the face of free speech challenges. *See e.g., Ex parte Pierce,* 161 Tex. 524, 342 S.W.2d 424 (1961), *cert. denied,* 366 U.S. 928, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961); *Turner v. Zanes,* 206 S.W.2d 144 (Tex.Civ.App.—Dallas 1947, writ ref'd n.r.e.). We note that appellant could have picketed on the grassy area in front of the bank, on the other side of the street, or in the parking lot of the bank (as she had been doing for the previous five weeks). Since she chose to do it in an area that caused an obstruction in the highway, the State had an interest in removing her. Appellant's third, fourth, and eighth points of error are overruled.

Appellant's fifth and sixth points of error urge that the court erred in commenting on the weight to be given evidence introduced by the State and the court erred in not declaring a mistrial because of an improper in-court identification of appellant. Under the fifth point of error, appellant argues that the court twice directed the record to reflect that appellant had been correctly identified. Appellant urges that this constituted a comment on the weight to be given to the witness's in-court identification. *See Kincade v. State,* 552 S.W.2d 832, 835 (Tex.Crim.App.1977). Appellant urges in her sixth point that the court should have declared a mistrial because the prosecutor directed a witness to pick out appellant and to describe the clothing she was wearing.

The State contends, and we agree, that it is not error to direct a witness to point out a defendant in court. *See Cunningham v. State,* 500 S.W.2d 820 (Tex. Crim.App.1973); *Lewis v. State,* 481 S.W.2d 139 (Tex.Crim.App.1972); *Cole v. State,* 474 S.W.2d 696 (Tex.Crim.App.1971); *Nielssen v. State,* 456 S.W.2d 928 (Tex. Crim.App.1970); *Duncan v. State,* 454 S.W.2d 736 (Tex.Crim.App.1970). The identity of a defendant is an element which must be proved, and, in this case there was no dispute as to the identity of appellant. More than one witness testified as to appellant's identity, and appellant herself took the stand and admitted the issue of identity. Any potential error regarding a witness's identification of appellant was rendered harmless by the later introduction of the same evidence without objection. *See Hudson v. State,* 675 S.W.2d 507 (Tex. Crim.App.1984) (en banc); *White v. State,* 732 S.W.2d 423 (Tex.App.—Beaumont 1987, pet. ref'd); *Sapien v. State,* 705 S.W.2d 214 (Tex.App.—Texarkana 1985, pet. ref'd).

The record reflects that the court did not comment on the evidence, but merely repeated for the record the objective facts occurring in the courtroom. These facts are that the witness identified appellant in court. *See Miller v. State,* 143 Tex.Crim. 430, 158 S.W.2d 804, 805 (1942). We hold that the court did not comment on the weight to be given the evidence introduced by the State since the court merely directed the record to reflect that appellant had been correctly identified. We further hold that it was not error for the court to direct a witness to point out appellant in court, and as a result, the court did not err in not declaring a mistrial.

Appellant's fifth and sixth points of error are overruled.

Appellant's seventh point of error argues that the court erred in charging the jury that they could find appellant guilty if they found beyond a reasonable doubt that she had obstructed a highway. Appellant urges that she was charged with disobeying a lawful order by a police officer, not

with obstructing a highway. Therefore, her conviction could not be proper since she was convicted of a crime not charged. There is no authority cited under this point.

■■■ An error in the court's charge over timely objection in the trial court requires reversal if such error is "calculated to injure the rights of the defendant," which means no more than there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g); TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). In making this determination, the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171. A charge is sufficient if the instruction presents the law in language that is not likely to be misunderstood by the jury. *Mangan v. State*, 168 Tex.Crim. 265, 324 S.W.2d 849, 851 (1959).

■■■ The State asserts that appellant has misstated the jury charge. An information was filed and appellant was prosecuted under section 42.03 of the Penal Code which is entitled *Obstructing a Highway or Other Passageway.* TEX.PENAL CODE ANN. sec. 42.03. The jury charge stated that appellant would be guilty of obstructing a highway *only if* they found that she had disobeyed a reasonable request to move. We hold that the jury charge viewed as a whole clearly stated the law in this case and did not cause appellant to be convicted for an offense for which she was not charged. Therefore, the court did not err in charging the jury that they could find appellant guilty if they found beyond a reasonable doubt that she had obstructed a highway.

Appellant's seventh point of error is overruled.

Appellant, in her ninth point of error, contends that the court erred in limiting cross-examination of Officer Privett about the charges filed against appellant in relation to free speech and disorderly conduct.

Appellant urges that when Officer Privett was being questioned about the disorderly conduct charges, the court denied defense counsel the right to cross-examine him for impeachment purposes regarding the inconsistent nature of his testimony in court as compared to his filed case of disorderly conduct.

■■■ During Officer Privett's cross-examination, the court sustained an objection to appellant's questions regarding disorderly conduct charges filed against appellant. The court stated that it would allow appellant to make a bill of exception. Appellant's counsel then gave the court a list of questions that he intended to ask Officer Privett. Appellant's counsel did not however, state the answers that he expected from the witness, nor did he attempt to put the witness on the stand outside the presence of the jury. We hold that nothing is preserved for review unless the record shows by bill of exception not only the questions appellant wanted asked but also the expected answers therefrom. *Passmore v. State*, 617 S.W.2d 682, 685 (Tex.Crim.App. [Panel Op.] 1981); *Barnett v. State*, 615 S.W.2d 220, 223 (Tex.Crim.App. [Panel Op.] 1981), *cert. dism'd*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981); *Hicks v. State*, 482 S.W.2d 186, 189 (Tex.Crim.App.1972); *McKibbon v. State*, 714 S.W.2d 70, 71 (Tex.App.—San Antonio 1986), *aff'd*, 749 S.W.2d 83, *cert. denied*, —— U.S. ——, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988).

■■■ We note that even had appellant perfected the record, there would have been no error by the court since the scope of cross-examination is within the control and exercise of the trial judge's sound discretion. *Richardson v. State*, 508 S.W.2d 380, 382 (Tex.Crim.App.1974). The court did not err in limiting cross-examination of Officer Privett about the free speech and disorderly conduct charges filed against appellant. Appellant's ninth point of error is overruled.

The judgment is affirmed.