In The

Court of Appeals

For The

First District of Texas

______________


NO. 01-02-00046-CR

______________


TED LAWRENCE ROBERTSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1055969 






O P I N I O N

 A jury found appellant, Ted Lawrence Robertson, guilty of assault and assessed
punishment at 30 days in jail and a $1,000 fine. We address (1) whether trial counsel
was ineffective because he did not subpoena a witness; (2) whether the trial court
abused its discretion in denying appellant's request for a continuance on the day of
trial; and (3) whether appellant preserved his complaint that the trial court improperly
instructed the jury panel about the burden of proof. We affirm. 

Facts

 The complainant, Urita Emanuel, was driving her son and Rachel Zeno to
school, when appellant, her ex-husband, began following her. Upon arrival at
McArthur Elementary School, appellant approached the driver's side of the
complainant's vehicle, opened the door, struck the complainant three times in her left
torso area, and spat in the complainant's face. The complainant asked Zeno to call
the police. Appellant left the scene, and the complainant attempted to follow him, but
she abandoned the pursuit after a short time.

Ineffective Assistance of Counsel

 In his first point of error, appellant contends that he was deprived of effective
assistance of counsel due to counsel's failure to subpoena a witness for the defense. 
Appellant asserts that his counsel did not subpoena the only witness who could have
provided a material defense by challenging the credibility of the complainant. 

 To prevail, appellant must show that counsel's representation fell below an
objective standard of reasonableness and, but for counsel's errors, the result of the
proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim.
App. 1986). The reasonableness standard in Strickland requires analyzing the
attorney's performance based on the "totality" of the representation. Strickland, 466
U.S. at 690, 104 S. Ct. at 2066. The defendant must overcome the presumption that
the challenged action of counsel might be considered sound trial strategy. Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 The decision to call witnesses is generally considered a matter of trial strategy. 
Rodd v. State, 886 S.W.2d 381, 384 (Tex. App.--Houston [1st Dist.] 1994, pet.
ref'd); State v. Thomas, 768 S.W.2d 335, 337 (Tex. App.--Houston [14th Dist.] 1989,
no pet.). Similarly, the decision to subpoena a defense witness or to request that the
trial court order a witness to return is a matter of trial strategy. Placing a witness
under orders of the trial court, rather than merely asking the witness to return
voluntarily, might cause apprehension, resentment, or even injurious testimony on the
part of a witness alienated by the coercive action. Requesting a subpoena could also
reveal the existence of a witness who would be otherwise unknown to the
prosecution. The record shows that defense counsel fully expected the witness to
return and that only a family emergency prevented the witness's return. Under these
circumstances, appellant has not overcome the presumption that the challenged action
might be considered sound trial strategy. See Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.--Houston [1st Dist.] 1996, no pet.).

 We overrule appellant's first point of error.

Denial of Motion for Continuance

 In his second point of error, appellant contends that the trial court abused its
discretion by denying his motion for continuance. Appellant requested a continuance
because his unsubpoenaed witness had not appeared at trial.

 To obtain a continuance for a missing witness, the defendant must show,
among other things, that he exercised due diligence to secure attendance. Tex. Code
Crim. Proc. Ann. art. 29.06(2) (Vernon 1989). The trial court has discretion to grant
a continuance, and reversal is justified only when the trial court has abused its
discretion. Hernandez v. State, 643 S.W.2d 397, 399 (Tex. Crim. App. 1982). If a
defendant does not apply for process of a witness until a day or two before trial, he
has failed to exercise the due diligence necessary to support a motion for continuance. 
People v. State, 477 S.W.2d 889, 891 (Tex. Crim. App. 1972). Appellant neither
subpoenaed his witness nor presented him to be sworn to return on the day of trial,
but merely made an oral motion for continuance on the day of trial. Appellant relied
solely upon a promise for the witness to return. To obtain relief from the denial of
a motion for continuance, an affidavit of the absent witness or an application for
subpoena of the witness is necessary to show an abuse of discretion. Robinson v.
State, 454 S.W.2d 747, 748 (Tex. Crim. App. 1970). Appellant secured neither. 
Accordingly, the trial court did not abuse its discretion by overruling the motion for
continuance.

 We overrule appellant's second point of error.

Reasonable Doubt Definition

 In his third point of error, appellant asserts that the trial court abused its
discretion when it gave the jury panel an instruction with respect to the burden of
proof. Appellant claims that the trial court's providing a definition of "beyond a
reasonable doubt" prior to voir dire of the jury panel caused appellant egregious harm
and deprived him of a fair trial.

 To preserve a complaint for review, the record must show that the complaint
was made to the trial court by a timely request, objection, or motion that stated the
grounds for the ruling the defendant sought from the trial court with sufficient
specificity to make the trial court aware of the complaint. See Tex. R. App. P.
33.1(a)(1). Appellant alleges that the trial court improperly instructed the jury on the
burden of proof; however, appellant failed to object to the instructions given by the
trial court.

 Appellant relies on Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) for the proposition that we must review even unobjected-to jury instructions. 
Almanza applies to jury charges, however, not to statements made by the trial court
during voir dire. See id. To the latter, a defendant must object or waive error, except
for fundamental error, as recently emphasized in Blue v. State. See id., 41 S.W.3d
129, 131 (Tex. Crim. App. 2000).

 Here, while explaining the burden of proof in his introductory remarks, the trial
court contrasted the various burdens of proof for civil cases, terminations of parental
rights, and criminal cases. Appellant seizes on a slight misstatement, taken out of
context, to argue that the trial court equated the State's burden of proof with the clear
and convincing standard for termination of parental rights. When examining the
entirety of the trial court's statements, however, there is no error even arguably
approaching that in Blue, in which the trial court made comments that undermined the
defendant's presumption of innocence. See id. at 132. Accordingly, appellant's
failure to object waived the error.

 We overrule appellant's third point of error.







Conclusion

 We affirm the judgment of the trial court. 





 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Price. (1)


Do not publish. Tex. R. App. P. 47.1.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.