NO. 07-00-0373-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 28, 2003

_____

JEANNETTE MITCHELL EMMERT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF WHEELER COUNTY[*];

NO. 7141; HONORABLE JERRY DAN HEFLEY, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.*

**MEMORANDUM OPINION**[1]

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.4.

Following a plea of not guilty, appellant was convicted by a jury of burglary of a vehicle and punishment was assessed at zero days confinement, suspended for one year. After appellant filed her notice of appeal, this Court requested that her attorney show cause why the appeal should not be dismissed for what appeared to be an untimely notice of appeal. Counsel responded by filing a motion for extension of time in which to prepare a record of the sentencing hearing which was conducted nine months after appellant was convicted and would establish that the notice was timely. We grant the motion and after reviewing the record of the sentencing hearing conclude that appellant's notice of appeal was timely filed. By a sole issue, appellant contends her in-court identification was insufficient to support her conviction. Based upon the rationale expressed herein, we affirm.

Soon after her husband's death, complainant, had possession of her husband's blue truck. Appellant is the twin sister of complainant's deceased husband.[2] On the morning of November 6, 1997, as complainant was leaving for work, she glanced into the truck and checked that the doors were locked. She noticed her husband's business papers in the visor and on the console as well as a pair of expensive Kelly spurs hanging from the gear shift. According to complainant, her keys to the truck were on a key rack inside her locked

---

[2]Testimony from several witnesses upon cross-examination established that complainant's family and appellant's family had been involved in a will contest involving the estate of complainant's husband.

2

home and her son had a second set. Complainant's son claimed that he used the truck the previous day to work on the ranch, but returned it and locked the doors.

Complainant's daughter-in-law testified that on the morning of November 6 she was driving by complainant's home and noticed a white van on the property and a man and woman "going through" the blue truck. She recognized the woman as appellant and drove to complainant's workplace to inform her about what she had observed. Upon returning home complainant did not find anyone there, but noticed that the Kelly spurs were missing and the papers in the truck looked in disarray. She called her son to notify him of the incident and the police chief was called to investigate. Complainant also noticed that her set of keys was missing from the key rack in her home. Approximately two months after the incident, appellant voluntarily gave a statement to the police chief, and one year after the incident she was charged with burglary of a vehicle.

By her sole issue, appellant argues that the trial court erred in not granting her motion for instructed verdict because the in-court identification evidence is insufficient to support her conviction. We disagree and consider a complaint about the failure to grant an instructed verdict as a legal sufficiency challenge. *See* Williams v. State, 937 S.W.2d 479, 482 (Tex.Cr.App. 1996); Mabra v. State, 997 S.W.2d 770, 774 (Tex.App.–Amarillo 1999, pet. ref'd). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

A person commits burglary of a vehicle if he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft. Tex. Pen. Code Ann. § 30.04(a) (Vernon 1994).[3] However, because appellant limits her complaint to the identity element, which must be proven in every case, Lauderback v. State, 789 S.W.2d 343, 348 (Tex.App.–Fort Worth 1990, pet. ref'd), we focus our analysis on that element.

While complainant's daughter-in-law was testifying, the prosecutor asked if she had met appellant before and she replied:

A.     Yes, I had just recently – I had met her a number of times. The most recent time that I saw her was at [complainant's husband's] funeral.

Q.     Would you point out Jeanette in the courtroom?

A.     That's her right there (indicating).

       [Prosecutor]: Let the record show that she pointed at the Defendant.

---

[3]Section 30.04 was amended in 1999; however, we apply the law in effect when the offense was committed. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 916, § 2(b), 1999 Tex. Gen. Laws 3638-39.

A neighbor of complainant's testified that he had known appellant all her life and that he observed her helping a man climb through complainant's garage door window. The prosecutor asked:

Q.    So, you do recognize Jeanette Mitchell Emmert?
A.    Yes.
Q.    And she is present in the courtroom?
A.    Yes.

Another of complainant's neighbors testified that she noticed an unfamiliar vehicle and noticed two people standing in complainant's driveway. However, she could not recall whether she identified the woman she observed as appellant at the time of the incident or at a later date. During her testimony the prosecutor asked:

Q.    Is she the woman that you saw standing beside the pickup that day about – regarding the events you've just described to us?
        [Witness]: Can you look that way?
        (Defendant complies).
A.    Looks like the same woman. Her hair is not quite as long and it's not quite as dark now.

The test for sufficiency of identification to support a conviction is whether we can conclude from a totality of the circumstances that the jury was adequately apprised that the witnesses were referring to appellant. Rohfling v. State, 612 S.W.2d 598, 601 (Tex.Cr.App. 1981). Although the Code of Criminal Procedure does not require a specific

ritual for in-court identification, the better practice is to identify a defendant beyond a mere reference by name.  *See* Purkey v. State, 656 S.W.2d 519, 520 (Tex.App.–Beaumont 1983, pet. ref'd) (concluding that a lack of formal in-court identification did not render the evidence insufficient to establish the defendant's identity as the perpetrator).

Complainant's daughter-in-law was asked by the prosecutor to point out appellant and the record indicates that she did.  We conclude this identification is sufficient to establish appellant's identity.  Moreover, although complainant's two neighbors did not point out appellant, the totality of the circumstances indicates that the jury knew to whom they were referring.  Thus, we hold that the in-court identification evidence is sufficient to support appellant's conviction and that the trial court did not err in denying appellant's motion for instructed verdict.  Appellant's sole issue is overruled.

Accordingly, appellant's motion for an extension is granted and the judgment of the trial court is affirmed.

Per Curiam

Do not publish.