Opinion issued December 15, 2005 
     














In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01180-CR




ANDREW LEE BEARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 03CR2830




 
 
MEMORANDUM OPINION
           A jury convicted appellant, Andrew Lee Beard, of murder and assessed his
punishment at 44 years in prison. See Tex. Pen. Code Ann. § 19.02(b)(1) (Vernon
2003). We determine whether the trial court erred by (1) denying appellant’s oral
motion for continuance to identify additional witnesses and (2) denying appellant’s
motion to suppress evidence. We affirm. Facts
          On August 14, 2003, Harold Carlton Allen, Sr., an 83-year-old man, allowed
appellant into his house to use his telephone. While he was inside Allen’s residence,
appellant unlocked the side door with the intent to return to steal a jar of money. 
Later that evening, appellant returned while Allen was away, rummaged through
Allen’s belongings, took a shower, watched television, and stole Allen’s jar of
money. 
          Appellant testified that Allen returned to his residence while he was there and
attacked appellant with a cane, at which time a fight ensued between them. Appellant
ultimately killed Allen by striking him in the throat using an Aikido-type


 blow. 
Appellant contends that the move was made in self-defense and that he did not
correctly calculate its force or effect. An autopsy report showed that Allen was
beaten heavily over several areas of his body and that the strike to his throat was
lethal.
          LaMarque Police Department Officers Dennis Macik and Jeff Winstead
interviewed appellant regarding his involvement in Allen’s murder. On September
15, 2003, Officers Macik and Winstead videotaped appellant’s confession. Appellant
signed three waiver-of-rights forms, which recited article 38.22 warnings


 and
included a statement that appellant understood these rights, he was willing to make
a statement, he did not want a lawyer, and he was making the statement voluntarily. 
Appellant filed a motion to suppress his videotaped confession, alleging that the
denial of his request to call his aunt was a denial of his right to counsel. After a
hearing, the trial court denied appellant’s motion to suppress. 
          During the trial, the State offered appellant’s videotaped confession into
evidence. Appellant’s counsel stated, “We don’t have any objections to it being offer
[sic] into evidence. We reserve the right to object to its contents, Your Honor.” The
videotaped confession was then admitted into evidence. After appellant’s confession
was shown to the jury, appellant’s counsel objected to portions of the tape showing
a blue screen and white space and to a statement that appellant made in it about a
prior burglary. Appellant’s counsel stated, “I would like to have the tape redacted to
have those portions removed, then that remaining tape submitted to the jury. I don’t
have any problem with the rest of the tape.”
          After the State rested its case, appellant testified in his own defense. Appellant
requested and was granted a recess to locate witnesses who had not shown up to
testify. However, the witnesses were not subpoenaed and did not show up for court
because they had charges against them and warrants out for their arrest. Appellant
then requested additional time to locate a witness to show that appellant and his
cousins had engaged in “this particular kind of horseplay” and “used these [Aikido]
blows on each other” in an effort to show that appellant had simply misjudged his
strength. The trial court denied appellant’s oral motion for continuance. Appellant
did not have any additional witnesses on that day and rested his case.
Motion for Continuance
          In his first point of error, appellant contests the trial court’s denial of his oral
motion for continuance. Appellant requested a continuance because his
unsubpoenaed witnesses had not appeared at trial.
          The trial court has discretion to deny a continuance, and reversal is justified
only when the trial court has abused its discretion. Hernandez v. State, 643 S.W.2d
397, 399 (Tex. Crim. App. 1982). A continuance may be granted after trial has begun
when there is some unexpected occurrence, which no reasonable diligence could have
anticipated that so takes the applicant by surprise that a fair trial cannot be had. Tex.
Code Crim. Proc. Ann. art. 29.13 (Vernon 1989). To obtain a continuance for a
missing witness, the defendant must show, among other things, that he exercised due
diligence to secure attendance. Id. art. 29.06(2) (Vernon 1989). To obtain relief from
the denial of a motion for continuance, an affidavit of the absent witness or an
application for subpoena of the witness is necessary to show an abuse of discretion.
Robinson v. State, 454 S.W.2d 747, 748 (Tex. Crim. App. 1970).  
          Appellant failed to exercise the due diligence necessary to support a motion for
continuance because he did not subpoena his witnesses, but relied solely upon 
promises from the witnesses to be present. Appellant neither secured an affidavit of
the absent witnesses nor made applications for subpoenas for them. See Robinson,
454 S.W.2d at 748. Accordingly, we hold that the trial court did not abuse its
discretion by overruling appellant’s motion for continuance. See Cooks v. State, 844
S.W.2d 697, 725 (Tex. Crim. App. 1992) (holding that trial court’s denial of motion
for continuance so that defendant could locate witness was not abuse of discretion
when defendant did not file pretrial application for subpoena).
          We overrule appellant’s first point of error.
Motion to Suppress
          In his second point of error, appellant argues that the trial court erred by
denying his motion to suppress his videotaped confession. On appeal, appellant
contends that his videotaped confession should not have been admitted into evidence
because the statement continued after he had asked to make a telephone call to his
aunt, which he contends amounted to a denial of his right to remain silent. See
Miranda v. Arizona, 384 U.S. 436, 467-68, 86 S. Ct. 1602, 1624-28 (1966). The
State contends that, although the trial court denied appellant’s pretrial motion to
suppress, appellant failed properly to preserve this issue for appeal. 
          To obtain appellate review, the complained-of error must be preserved. See
Tex. R. App. P. 33.1(a)(1). To preserve error, one must make a timely objection
stating the grounds with sufficient specificity to make the trial court aware of the
complaint. See id. The legal grounds made on appeal must comport with the grounds
asserted at trial. See Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. Crim. App.
2004).
           In his motion to suppress, appellant alleged that his constitutional rights were
violated because (1) the interview was continued without appellant’s request for food
being met, thereby coercing appellant and overbearing his will, and (2) the interview
was continued after appellant asked to call his aunt, denying appellant his right to
counsel. At the suppression hearing, the only issue raised was whether the police
officers’ denial of appellant’s request to call his aunt was a denial of appellant’s right
to counsel. On appeal, however, appellant presents a new basis for excluding the
videotaped confession that is substantially different from that raised in the trial court:
appellant argues to this Court that the police officers’ denial of his request to call his
aunt was a denial of appellant’s right to remain silent. 
          It is well-settled that a court of appeals can affirm a trial court’s decision on a
legal theory that is not presented to the trial court, but that is nonetheless applicable
to the case, without violating ordinary notions of procedural default. Hailey v. State,
87 S.W.3d 118, 121 (Tex. Crim. App. 2002). However, absent situations involving
fundamental error, it violates ordinary notions of procedural default for a court of
appeals to reverse a trial court’s decision on a legal theory not presented to the trial
court by the complaining party. Id. at 122. This rule is based on the notion that a trial
court’s decision will not be reversed on a theory upon which the trial court did not
have an opportunity to rule and upon which the non-appealing party did not have an
opportunity to develop a complete factual record. Id.
          If appellant had presented this new argument to the trial court during the
suppression hearing, the court would have been able to apply the law to the issues,
and the State would have had the opportunity to develop a complete record on the
issue of whether appellant’s request to call his aunt was an invocation of his right to
remain silent. Because that issue was not raised at trial, we will not violate ordinary
notions of procedural default, or vitiate the efforts of the trial court and the
prosecution, by ruling on an issue that was never presented during the proceedings
below. That issue is waived on appeal, and there is nothing for this Court to review. 
          Accordingly, we overrule appellant’s second point of error. Conclusion
          We affirm the judgment of the trial court.

 
                                                   Tim Taft
                                                   Justice
 
Panel consists of Justices Taft, Keyes, and Hanks
Do not publish. Tex. R. App. P. 47.2(b).