

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0307-CR

_____

Ronald Keith Valentine, Appellant

v.

The State of Texas, Appellee

On Appeal from the County Court at Law No. 1
Travis County, Texas
Trial Court No. C-1-CR-12-1000013, Honorable David Phillips, Presiding

April 25, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

*"Can we, can we all get along?"*[1]

This appeal, and prosecution underlying it, could have been avoided had the admonishment above been heeded. It was not, and Ronald Keith Valentine's effort to reciprocate for the noise he purportedly heard from his neighbor's house resulted in his conviction for disorderly conduct. His playing a continuous loop of Neil Diamond's "You

_____
[1]Rodney King.

Got To Me" for hours on end finally got to those living in the neighborhood. It most likely did not help that the speakers from which the song emanated were outdoors. Nor did it help, as one neighbor suggested, that it was the same song being played over and over and over again. Nor did it help that though appellant was angry at a particular neighbor, he exposed every other person surrounding his house to the same aural presentations.

The class C misdemeanor conviction for disorderly conduct was appealed from the local municipal court to the county court at law, then to this court. Valentine seeks to reverse it via six issues. The pertinent standards of review and rules for preservation argument, however, obligate us to affirm.

One appealing from a conviction in a municipal court of record (like that at bar) must:

> . . . file a written motion for new trial with the municipal clerk not later than the 10th day after the date on which judgment is rendered. The motion must set forth the points of error of which the appellant complains.

TEX. GOV. CODE ANN. 30.00014(c) (West Supp. 2012). Issues omitted from that motion for new trial are not preserved for review. *Brooks v. State*, 226 S.W.3d 607, 609 (Tex. App.–Houston [1st Dist.] 2007, no pet.). Of the six issues proffered by appellant, only two were mentioned in his motion for new trial.[2] They dealt with a purported violation of "the Rule" and his lack of appointed counsel. The others, though of interest, were omitted and, therefore, waived.

As for the issue about witnesses violating "the Rule," appellant contends that the trial court should have declared a mistrial when it was advised that witnesses were overheard discussing the case outside of the courtroom. According to the record, the

---

[2]Appellant did file an amended motion for new trial alleging additional issues; however, it was untimely filed.

trial court questioned the witnesses about the allegation, but none acknowledged its occurrence. So, the trial continued. And though appellant contended, in his motion for new trial, that the witnesses perjured themselves, we are cited to no evidence of record supporting that proposition. Nor did our review of the record uncover any such evidence. Given this, we cannot say that the trial court abused its discretion in refusing to declare a mistrial or grant a new trial. See *Webb v. State,* 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) (stating that whether to grant a mistrial or new trial lies within the trial court's discretion).

As for the issue about appellant's failure to receive appointed counsel, we note that he was charged with a Class C misdemeanor, a crime punishable only by a fine. Consequently, he was not entitled to appointed counsel even if he was indigent. TEX. CODE CRIM. PROC. ANN. art. 1.051(c) (West Supp. 2012) (stating that an indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement). However, the trial court had the ability to appoint counsel if required by the interests of justice. *Id; Barcroft v. State,* 881 S.W. 2d 838, 841 (Tex. App.–Tyler 1994, no pet.). Yet, appellant failed to demonstrate how that standard was met. Again, the prosecution involved a Class C misdemeanor. And, though he invoked his right to free speech, it is rather clear that the State has the ability to reasonably regulate the time, place, and manner of that speech. *Lauderback v. State,* 789 S.W.2d 343, 347 (Tex. App.–Fort Worth 1990, pet ref'd). That the statute being enforced passes constitutional analysis is also well settled. *See Blanco v. State*, 761 S.W.2d 38, 41 (Tex. App.–Houston [14th Dist.] 1988, no pet.). So, there was nothing unique or of first impression involved. Nor were the risks to

appellant's liberty grave. Nor did the record suggest that appellant lacked the education, experience or ability (either physical or mental) to proceed without appointed counsel. Consequently, we cannot say that the interests of justice required the appointment of counsel under the circumstances here. The issue is overruled.

Accordingly, each of appellant's issues are overruled, and the judgment is affirmed.

Per Curiam

Do not publish.

Campbell, J., concurs.